R. J. PRESTON *et al.*, APPELLANTS, *v.* WILLIAM HILL *et al.*, RESPONDENTS.

EVIDENCE IN AN ACTION TO SET ASIDE A FORMER JUDGMENT BETWEEN THE SAME PARTIES.—In an action to set aside a judgment in a former suit between the same parties, obtained, as alleged, by a fraudulent and collusive compromise with plaintiffs' (then) attorney, it is necessary for the plaintiffs to show that they were defrauded by the compromise; and, therefore, the merits of the former suit are the proper and necessary subjects of enquiry in the second.

APPEAL from the District Court of the Seventh District, Marin County.

The case is stated in the opinion.

*S. F. & L. Reynolds*, for Appellants.

*A. W. Thompson*, for Respondents.

*George Cadwallader*, of Counsel.

SANDERSON, J., delivered the opinion of the Court:

This is an action to set aside a judgment in a former suit between the same parties, and also a stipulation between the attorneys of the respective parties, upon which the judgment was rendered. The plaintiffs allege that the stipulation was made against their consent and protest, by their attorney, with the attorneys of the defendants, *collusively* and *fraudulently*, with intent to deprive them of their just and legal defenses to that action. The case was tried with a jury, and the finding upon the question of fraud and collusion was against the plaintiffs, who, having first moved for a new trial without success, have brought the case here.

As appears by the complaint, the judgment against which the plaintiffs seek relief was rendered in an action by the defendants to reform and foreclose a mortgage against the plaintiffs, in which the defendants claimed upon one theory the sum of about $18,000 in gold, and upon another theory the sum of about $16,700. The original loan was $11,025 in gold, and the remainder of the sums claimed were made up of advances and interest at the rate of three and two per cent. per month respectively. The grounds upon which a reformation of the mortgage was sought, as alleged by the

defendants (plaintiffs in that case), were as follows: At the time the loan was made, the only title which the plaintiffs had to the land which they proposed to mortgage was a certificate of purchase from the State, and a right to purchase from the United States. The understanding was, that the plaintiffs (defendants in that case) were, thereafter, to obtain a patent for the land, and, instead of a mortgage in form, should give a deed of bargain and sale, so as to pass the title of the plaintiffs, when it should be acquired. Instead of drawing a deed of bargain and sale, however, the attorney, who was employed for that purpose, by *mistake*, drew a quitclaim deed only, which would not pass an *after* acquired title.

The defenses of the plaintiffs (defendants in that case) were a denial that there was any agreement on their part to obtain a patent for the land, and pledge the title thereby acquired, or that there was any mistake whatever in the form of the deed; averments that there was no agreement to pay interest, in *writing*, and that, therefore, they could be charged interest only at the rate of ten per cent. per annum; that there was no agreement to pay in gold, and they, therefore, had a legal right to pay in legal tender notes; that there was no agreement to pledge any title, except such as they held at the time the loan was made, which title was well known to the plaintiffs (defendants in this case); that there were no sums due, except the sum of $11,025, and interest thereon at the rate of ten per cent. per annum, payable in any kind of lawful money, subject, however, to certain counter claims as follows: That there was an agreement on the part of the plaintiffs (defendants in this case) to make certain repairs upon the mortgaged premises, which they failed to make, to the damage of the defendants (plaintiffs in this case) in the sum of $3,000 in gold coin; that there was due, also, the further sum of $750 in gold, for pasturage, and $500 more for lumber and other merchandize, and the further sum of $15,000 for the use and occupation, under an agreement to that effect, of a part of the mortgaged premises; and further, that there was at the time a growing crop upon the premises, which would net the plaintiffs (defendants in

this case) at least $5,000 in gold, which would be applicable to the payment of the mortgage debt, by reason of the covenants in a lease under which they had been cultivating the mortgaged premises.

It is further alleged that at the trial of the foregoing issues, and after the close of the plaintiffs' testimony, a stipulation was made between counsel, by which it was agreed that the amount due the plaintiffs should be stated at $11,500 in gold, and that a decree for that sum, with interest at 1¼ per cent. per month, should be entered, to be satisfied by a sale of the land and all the present and future interest of the defendants therein, without any personal judgment against the defendants, the plaintiffs to be made secure in the possession of the land until the expiration of the lease mentioned in the answer; that, but for this stipulation, which is charged to have been *fraudulent* and *collusive*, the plaintiffs (defendants in this case) could not have recovered to exceed the sum of $6,000 in gold.

The defendants deny all the matters alleged by plaintiffs, so far as they relate to the validity of the defenses set up in the former action, and the pretended collusion and fraud between counsel in compromising that case.

Upon the trial counsel for the plaintiffs claimed, in effect, the merits of their several defenses to the first action, as set out in their answer in that case, were in issue in this, and that he was entitled to show by testimony that they were good and substantial defenses; and that, had that case been tried and not compromised, the defendants (plaintiffs in that case) would not have recovered more than $6,000; and accordingly he offered testimony tending that way at various times during the trial; but the testimony was ruled out by the Court. These rulings constitute the principal errors assigned on this appeal.

That the merits of the former action are put in issue by the pleadings in this is obvious from the brief statement which we have given of their contents; and the only question in this connection is, whether those issues are at all material.

We think this case cannot be tried without trying the

former. It includes the former, and unless the plaintiffs are allowed to try the first case in this, they cannot show that they have been injured and defrauded by the manner in which it was compromised. It is very clear that unless they were defrauded by the compromise, they have no cause to complain of the judgment, and have, therefore, no cause of action. The first case is, therefore, a part of this, and the plaintiffs were entitled to the testimony which was excluded.

Judgment and order reversed and a new trial granted.

By CROCKETT, J.: I concur in the judgment.