[S. F. No. 6826. In Bank.—December 16, 1916.]

## JOHN LEWIS GILL, Appellant, v. SOUTHERN PACIFIC COMPANY, a Corporation, Respondent.

APPEAL — SUBSTITUTION OF ATTORNEYS — PRESUMPTION OF PROOF OF NOTICE OF MOTION.—On an appeal from an order refusing to vacate an order for the substitution of attorneys, it will be presumed, in the absence of evidence to the contrary in the record, that upon the hearing of the motion for the substitution, proof was made in the trial court that due notice of the motion had been given to the original attorney.

ID.—NONRECEIPT OF NOTICE—ABSENCE OF EVIDENCE OF NONMAILING.— Where the original attorney resided in a county other than the one in which the action was pending, evidence merely that he did not receive notice of the motion is not sufficient to overcome the presumption, if the record is silent upon the question whether or not such notice was deposited in the mail.

ID.—SETTLEMENT OF ACTION BY SUBSTITUTED ATTORNEY — FAILURE OF FORMER ATTORNEY TO SANCTION.—A plaintiff, having chosen a new attorney and having procured an order substituting him in place of the old, and served notice of the substitution on the attorney of the defendant, and having proceeded thereupon with his new attorney to make a settlement of the cause with the defendant, may not thereafter ask to have the settlement set aside on the ground that it was not sanctioned by the former attorney, and support this claim by showing that the order of substitution was made without due notice to the former attorney. In the absence of fraud, the plaintiff should be bound by such a contract and the defendant protected therein.

ID.—INADEQUACY OF CONSIDERATION FOR SETTLEMENT — ABSENCE OF FRAUD.—In the absence of other elements of fraud in making a settlement of an action for damages for personal injuries, the dismissal

of the action by the plaintiff in pursuance thereof will not be set aside merely on a showing that the consideration paid the plaintiff for the settlement was small and inadequate, if such inadequacy was not such as to shock the conscience.

ID.—VALID CONTRACT OF SETTLEMENT — JUDGMENT NOT REVERSED FOR MERE IRREGULARITIES IN PROCEDURE.—A judgment dismissing an action in pursuance of a valid contract for the settlement thereof will not be vacated for mere irregularities in procedure. Such a case is a proper one for the application of section 4½ of article VI of the constitution, providing that no judgment shall be reversed unless upon a consideration of the whole record the court is of the opinion that there has been a miscarriage of justice in the court below.

APPEALS from certain orders of the Superior Court of Contra Costa County. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Randall & Bartlett, for Appellant.

M. R. Jones, for Respondent.

SHAW, J.—In the year 1909, the plaintiff began an action against the defendant to recover damages alleged to have been sustained by plaintiff because of the negligence of the defendant. An amended complaint was filed, to which a demurrer was interposed and the cause was pending awaiting action upon the demurrer. Paul C. Dormitzer was the attorney for the plaintiff and M. R. Jones was the attorney for the defendant. On September 1, 1911, on motion of the plaintiff, the superior court made an order substituting L. F. Tormey as attorney for the plaintiff instead of said Dormitzer. Notice of this substitution was duly served upon Jones. Thereafter Tormey and the plaintiff effected a settlement of the case with an agent of the defendant whereby the plaintiff agreed to accept five hundred dollars in full settlement thereof. The money was paid and a release executed. In pursuance of this settlement, on January 18, 1912, by an order directed to the clerk and filed in the action the plaintiff dismissed the action.

In March following the plaintiff filed and served a so-called "motion" for relief as follows: First, to vacate the order of substitution of the attorneys aforesaid; second, to vacate and set aside the compromise and settlement above mentioned;

third, to vacate and set aside the said dismissal of the action; and, fourth, for judgment in favor of the plaintiff upon the pleadings for the amount prayed for in the complaint. Afterward the matter was brought on for hearing, and thereupon the court made its order denying respectively the application to set aside the substitution, the application to set aside the settlement and compromise, the application to vacate the dismissal and the motion for judgment on the pleadings. The plaintiff has appealed from the order denying the application to set aside the dismissal, and denying the application to set aside the settlement and compromise. The notice of appeal does not specify any other part of the order, but there is added to the specifications aforesaid the statement that "said plaintiff appeals from each and every part of said order and ruling as well as from the whole thereof."

It is extremely doubtful if this notice can be considered as a sufficient notice of appeal from the order refusing to vacate the substitution proceedings. The plaintiff himself, in his proposed bill of exceptions, which was settled by the court, recites that he has filed his notice of appeal from the order denying the motion to set aside the dismissal and from the order denying the motion to set aside the settlement. Admitting, however, that it may be considered as an appeal from the first order mentioned, the record does not show that the order was erroneous, so far as the plaintiff is concerned. The bill of exceptions does not purport to contain all or any of the evidence introduced on the hearing of the motion to substitute attorneys. The order of substitution recites that it was made on motion of the plaintiff in person in open court. This is not disputed. Neither the defendant nor its attorney were present, nor was any notice given to them of the hearing of said motion. The only objection made to the validity of the order is that it does not appear that any notice of the time and place of the hearing of such motion was given to Dormitzer. Dormitzer filed an affidavit stating that he received no such notice. The case was pending in Contra Costa County, where plaintiff resided, and Dormitzer resided and had his office in Los Angeles County. Nearly a month prior to the making of the order of substitution the plaintiff mailed a letter to him stating that his future services were dispensed with. He does not deny that he received this letter. There is nothing in the record to show

that upon the hearing of the motion to change attorneys the court did not have proof that due notice of the motion had been given to Dormitzer. The presumption is that such proof was duly made. The only evidence to the contrary is that he did not receive such notice. Upon the deposit of such notice in the mail, properly addressed, the service thereof would be complete. (Code Civ. Proc., sec. 1013.) The record is silent upon the question whether or not such notice was deposited. The presumption that the fact was established must therefore prevail.

Furthermore, this proceeding for substitution was one in which the defendant had no direct interest. The plaintiff had the absolute right to change his attorney and to have the one he preferred substituted as the attorney of record. (*Gage* v. *Atwater*, 136 Cal. 170, 172, [68 Pac. 581].) The only person who is entitled to notice of the motion for substitution is the attorney first employed. Where a plaintiff has obtained a substitution without sufficient notice to the attorney, such attorney may object to the substitution and have the same set aside. So, also, the defendant if he learns of such defective notice or want of notice may perhaps have the order avoided. But we know of no authority for the proposition that the plaintiff, having chosen another attorney and having procured an order substituting a new attorney in the place of the old, and having proceeded thereupon with his new attorney to make a settlement of the cause with the defendant, may thereafter ask to have the settlement set aside on the ground that it was not sanctioned by the former attorney and support this claim by showing that the order of substitution was made without due notice to such former attorney. In the absence of fraud, reason and good sense demand the rule that the plaintiff should be bound by such a contract and the defendant protected therein. The order was made and was regularly entered of record. The defendant's attorney was served with notice thereof as provided in section 285 of the Code of Civil Procedure. Nothing appeared of record to impeach its validity. The defendant's attorney had the right to recognize the new attorney and proceed to deal with him, at least so long as he had no information to impugn the validity of the order. The want of any recital of the giving of notice to the former attorney did not affect its validity nor put him on inquiry. It was not incumbent

on him to examine the record and make inquiries to learn of the lack of notice not apparent upon the face of the order. In view of the fact that the plaintiff himself recognized the new attorney and advised with him regarding the settlement, the defendant and its attorney had a right to presume that the order was regularly made. Moreover, this presumption attends the order of the superior court when presented to this court for review upon appeal and it is incumbent upon the appellant, in order to procure a reversal, to overcome the presumption by affirmative proof in the record to the effect that no such notice was given. As we have seen, the record fails to contain such proof. From all these considerations we are satisfied that the order appealed from, so far as it rests upon the validity of the change of attorneys, must be considered upon the theory that the change was regularly made. This being the case, there was no ground for the claim that the court below should have vacated the order of dismissal.

There was no evidence of fraud in making the settlement. The money agreed upon was paid by the defendant and accepted by the plaintiff. He has neither returned it nor offered to return it. The only statement in the record tending to establish fraud is that of the plaintiff and his former attorney, Dormitzer, that the consideration paid was small and inadequate. These statements are mere matters of opinion, not binding upon the court below, and they are directly denied by the affidavit on behalf of the defendant. Even if true, it is well settled that inadequacy of consideration alone, at least unless such as to shock the conscience, does not constitute or establish fraud. (2 Pomeroy's Equity Jurisprudence, sec. 926.) There is no proof of any advantage whatever having been taken of the plaintiff. In the course of the negotiations for settlement he consulted several attorneys. The defendant's attorney persistently refused to advise him in the matter. After consulting with such attorneys as he desired he voluntarily accepted the offer made by the defendant's agent. No reason appears why it should not have been confirmed by the court if the matter had come before it on the merits. Under these circumstances it would be idle to vacate the proceedings even if there were irregularities sufficient for that purpose. A judgment will not be vacated for irregularity in procedure if it appears that upon the merits it was just and right. The party applying for

such relief must show that he would be injured if the judgment is allowed to stand. (*Preston* v. *Hill*, 38 Cal. 686; *Collins* v. *Scott*, 100 Cal. 446, [34 Pac. 1085]; *Parsons* v. *Weis*, 144 Cal. 410, 417, [77 Pac. 1007].) It is a proper case for the application of section 4½, article VI, of the constitution, providing that no judgment shall be reversed unless upon a consideration of the whole record the court is of the opinion that there has been a miscarriage of justice in the court below.

The orders appealed from are affirmed.

Sloss, J., Melvin, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.