[Civ. No. 4839. Second Appellate District, Division One.—April 26, 1927.]

## JAMES PEAVEY et al., Respondents, v. MUTUAL REALTY CORPORATION et al., Appellants.

[1] NEGLIGENCE—PEDESTRIAN STRUCK BY RUNAWAY AUTOMOBILE—DEFECTIVE BRAKES—EVIDENCE.—In this action for damages for personal injuries sustained by a pedestrian when struck by a runaway automobile, alleged to have resulted from the driver's failure to set the emergency brake or from a defective condition of the brakes, the evidence was sufficient to sustain the verdict in favor of plaintiffs.

[2] ID.—INSTRUCTIONS—CONDITION OF AUTOMOBILE—CARE—OTHER INSTRUCTIONS.—In such action, an instruction that if the jury found that defendant violated section 14 of the Motor Vehicle Act (Stats. 1915, p. 406), and that such violation was the sole proximate cause of the injuries, they should find for plaintiffs, was not prejudicial, in that it left out all elements of reasonable care to keep the automobile in good condition, where by other instructions the jury were required to consider all the instructions together and were instructed that before plaintiffs could recover they must prove by a preponderance of the evidence that defendants negligently permitted the brakes upon their car to be defective, or that they failed to properly set them.

[3] INSTRUCTIONS — REFUSAL TO GIVE REQUESTED INSTRUCTION — MATTERS COVERED BY OTHER INSTRUCTIONS.—Neglect or refusal by a court to give a requested instruction is not prejudicial error, where the matters contained therein are fully covered by other instructions given to the jury.

[4] APPEAL—ERRORS AND DEFECTS NOT AFFECTING SUBSTANTIAL RIGHTS —INSTRUCTIONS—JUDGMENTS.—Under section 475 of the Code of Civil Procedure, the appellate court is required to disregard any improper instructions which do not affect the substantial rights of the parties, and a judgment cannot be reversed by reason of any instruction, error, or ruling unless appellant sustains or suffers substantial injury and a different judgment would have been probable if such error had not occurred, there being no pre-

2.  See 24 Cal. Jur. 857; 14 R. C. L. 812, 817.
3.  See 24 Cal. Jur. 806.
4.  See 2 Cal. Jur. 1004, 1026; 2 R. C. L. 233.

sumption that error is prejudicial or that injury is done if error
is shown.

(1) 4 C. J., p. 918, n. 42; 42 C. J., p. 1236, n. 35, 37.   (2) 38
Cyc., p. 1785, n. 90.   (3) 38 Cyc., p. 1711, n. 19.   (4) 4 C. J.,
p. 1168, n. 98, p. 1173, n. 70.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Frank R. Willis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Culver & Nourse for Appellants.

E. B. Drake for Respondents.

YORK, J.—This is an appeal by defendants from a judg-
ment rendered upon a verdict by a jury.   The action was
prosecuted by plaintiffs to recover damages alleged to have
been sustained by the plaintiff Laura Peavey, and to re-
cover resulting damages alleged to have been suffered by her
husband, James Peavey, the other plaintiff, by reason of
the alleged negligence of the defendants in the operation
of an automobile.   The complaint alleges that the accident
which caused the injuries was caused alone by the negli-
gence of the defendants by their failure to properly or at
all adjust or set the brakes on said automobile, and by neg-
ligently permitting the brakes on said automobile to become
and remain old, defective, and unsound to such an extent
that when the said brakes were attempted to be set, they did
not hold said automobile "from rolling down a decline in
the street."

The answer of defendants denies these allegations and all
the material allegations of the complaint, and pleads affirma-
tively that if the brakes were defective, the defect was un-
known to defendants, and by the exercise of reasonable care
could not have been discovered by them.

Van Horne Avenue (a public highway in the city of Los
Angeles) runs north and south, and at the place of the acci-
dent declines to the south on a grade of approximately two
and one-half per cent.   On the day of the accident, defend-
ant De la Guardia drove said automobile to a point on the
easterly side of the avenue and about one hundred feet north

of the home of plaintiffs. At that point he stopped said automobile and with a companion who was with him entered a house then in the course of construction. A short time after, which defendant De la Guardia estimates to be five or six minutes, said car coasted down the street and struck the plaintiff Laura Peavey, who was standing in front of her home purchasing vegetables at a peddler's wagon. She did not see or hear the approach of the driverless car which caused injuries to her, and for which plaintiffs have sued to recover damages. The defendant De la Guardia testified that before leaving the automobile, he pulled on the emergency brake and set it, and that after the accident he found that it was "horizontal" or "vertical"—or one-half on or set. But he testified positively that the position of the brake lever had been changed since he left the machine. He had not noticed that there was any down grade when he left the automobile and could not account for its moving. He said the brake was strong enough to hold the car. [1] The condition that the emergency brake was in after the accident without any explanation of its alleged changed position is sufficient evidence to justify the jury in finding that the brake was in the same position after the accident as when the car was left by De la Guardia. This conclusion is strengthened by the fact that he did not know that there was any decline in the grade of the avenue. The fact that the automobile did not start down the decline immediately may have been as explained by the witness Hinkley, who said he had been in the business of repairing and examining and driving automobiles for more than twenty years continuously. He stated that the brakes would hold the car if they were properly set. That they would stay in a proper condition to hold the car until someone releases them. He said, "If they were in proper condition, there would not be any contact that would release them except by hand." It appears from his testimony that if the brake bands were heated when set only sufficient to hold the car, and should then cool off, that this might release the brakes sufficiently to allow the car to start down hill. De la Guardia's testimony was the only testimony that the brakes were pulled entirely on. We find on a review of all the testimony that it was sufficient to justify the verdict. Plaintiffs' case did not depend on the doctrine of *res ipsa loquitur,* and the court

instructed the jury that the fact that the accident in question occurred is of itself *no* evidence that it was caused by any carelessness or negligence of the defendants. We are not called upon to approve or disapprove this instruction, but surely defendants cannot complain of it. In fact, a contrary doctrine seems to have been invoked on behalf of the defendants who would have the court consider that the brakes had held the automobile in the same or a similar place a short time before. Horcasitas did testify that the brakes were set, but not that they were sufficiently set. There was no direct evidence that the brakes were defective.

[2] The instruction as to the terms of the Motor Vehicle Act (sec. 14, Stats. 1915, p. 406), in which the jury were instructed that if the jury found that the defendants violated the provisions specified, and that such violation, if any, was the sole proximate cause of any injuries to plaintiff, then they will find damages in favor of the plaintiffs and against the defendants, is criticised by appellants, who insist that the instruction is defective in that it leaves out all elements of reasonable care to keep the automobile in good condition. But the court specifically instructed the jury that it was their duty to consider not one of the instructions, but all of them together and to construe them together for the purpose of definitely ascertaining what the law is upon the various questions submitted to them. The court thereafter gave a correct instruction fully covering the matter referred to in the instruction above mentioned. The court instructed as to ordinary care, negligence, proximate cause, and thereafter instructed: "You are instructed that in this case before the plaintiffs can recover, they must prove by the preponderance of the evidence either that the defendants negligently permitted the brakes upon their car to be defective and unsound, or that they carelessly failed to properly set the brakes. These two matters are the only matters with which the defendants are charged with being negligent and no other acts of negligence which you may believe they may have committed can be considered by you."

And thereafter the court instructed the jury that before they could find that the defendants were negligent in failing to have the brakes on the automobile in question in effective and sound condition, they must find from the preponderance of the evidence, not only that the brakes were defective, but

that they must further find that the defective condition of the brakes was known to the defendants, or that the defect in them, if any there was, was such that it could have been discovered by them by the exercise of that degree of care which an ordinarily prudent man would use under the circumstances. The court also instructed the jury in regard to reasonable care in keeping the automobile and its brakes in sound condition, and that the defendants were not liable for injuries caused by latent or hidden defects such as an ordinarily prudent man would not have discovered under the circumstances, and that an automobile driver or owner was not an insurer of the safe condition of its brakes, and that the law only requires him to use reasonable care to maintain them in an efficient condition; and then said, ''and if you believe from the evidence that the defendant De la Guardia did properly set his brakes when he left the car just prior to the accident in question, and further believe from the evidence that the brakes were in good condition, or that they were defective but that the defect was unknown to the defendants and could not have been discovered by them by the exercise of reasonable care, then your verdict must be in favor of the defendants.''

The court further instructed the jury that the fact that the accident occurred did not even raise a presumption of negligence—an instruction most favorable to the defendants. The court in an evident desire to prevent the jury from considering the accident in itself as any evidence of neglect, even went so far as to instruct the jury, ''and you might each ask yourselves: Did the defendants do anything under the circumstances I would not have done, or failed to do anything in regard to the brakes upon their car or to the care of the same, which I would have done? If your answer is 'No' to this question your verdict must be in favor of the defendants.'' The record does not disclose whether the above instruction was given at the request of defendants, but its apparent substitution of each juror as a psychological defendant in the case might be deemed sufficient to cover a multitude of technical errors such as appellants contend were favorable to plaintiffs. Considering all of the instructions together as the court directed the jury to do, the instructions with regard to the Motor Vehicle Act are not in conflict with the instructions that follow, and the following instruc-

tions explain the meaning of the Motor Vehicle Act instructions as clearly as though the instructions had contained the clause introducing them with "provides that." In the case of *Mora* v. *Favilla*, 186 Cal. 204 [199 Pac. 17], cited by appellants, an erroneous instruction was left to stand without giving instructions asked by the defendant, which the supreme court said would have cured the error in the instructions given. It should have been apparent to any reasonable juror that the instructions which appellants claim to have been conflicting were, when construed together, explanatory of each other, and they produced no prejudicial error.

[3] Appellants also except to the court's neglect or refusal to give their requested instruction which was as follows: "You are instructed that the plaintiff is only entitled to recover for such injuries as she may have received as were a proximate result of the accident. It is incumbent upon the plaintiff to prove by a preponderance of the evidence that the injuries which she now complains of were proximately caused by the negligence of the defendants." This instruction was amply covered by several instructions given to the jury. The jury was specifically instructed as follows: "Negligence on the part of the defendants is of no consequence, however, unless it is the proximate cause of the injuries complained of." And they were further instructed: "You are further instructed that while the plaintiff is entitled to recover for disability or pain that she may suffer in the future, she can only recover for such pain or disability as she is reasonably certain to suffer, and you are not entitled to guess or speculate on these or any other matters." And they were instructed further: "If you find for the plaintiff, Laura Peavey, you should find such reasonable sum as will compensate her for the injuries which were the proximate result of the accident and for the pain and suffering she has experienced by reason of such injuries or is reasonably certain to suffer therefrom in the future, but you have no right to speculate or guess as to that. And so far as suffering in the future is concerned, such suffering must be reasonably certain to occur. . . . The amount sued for by plaintiff, Laura Peavey, is not, however, the slightest criterion or guide for you to go by."

[4] This court is required by section 475 of the Code of Civil Procedure to disregard any improper instruction which, in our opinion, did not affect the substantial rights of the parties, and not to reverse any judgment by reason of any instruction, error, or ruling unless it shall appear to us that by such instruction, error, or ruling the appellants sustained or suffered substantial injury, and that a different result would have been probable if such instruction, error, or ruling had not occurred. It is also provided that there shall be no presumption that error is prejudicial or that injury is done if error is shown.

We therefore find no prejudicial error in the record and the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.