[Civ. No. 3458. Third Appellate District.—April 30, 1928.]

N. E. DAVENPORT et al., Appellants, v. NATIONAL RESERVE INSURANCE CO. (a Corporation), Respondent.

W. J. Burns, W H. Slade, Howe, Hibbitt & Johnston and O. F. Meldon for Appellants.

Miller & Thornton for Respondent.

PRESTON (H. L.), J., *pro tem.*—The plaintiffs brought this action in the superior court of Placer County to recover $28,692, alleged fire loss under two policies of fire insurance. The case was tried by a jury, and a verdict was rendered in favor of defendant. From the judgment entered upon this verdict the plaintiffs prosecute this appeal.

The complaint is in two counts. The amount sought to be recovered under the first count is $15,000; the amount sought to be recovered under the second count or second policy is $13,692. The property insured under the first policy for $15,000, according to the recitals in the policy, consisted of 500,000 feet, more or less, of lumber, manufactured, unmanufactured, or in process of manufacture. The property insured under the second policy for $14,500, according to the recitals in the policy, consisted of 1,200 cords of wood, more or less. Both of these policies were issued to appellants on July 12, 1923, and were both to run for a period of two months from the said 12th of July, 1923. All the insured property was supposed to be located upon a 110-acre tract of forest or timber land adjoining the built-up portion of the city of Auburn. On the third day of September, 1923, which was only nine days before the policies would expire, and during the early hours of the morning, a fire was discovered to be raging upon this 110-acre tract in the vicinity of what is referred to in the evidence as "Rattlesnake Canyon." This fire did not entirely subside for several days and broke out anew on September 5, 1923. Both fires burned over considerable area and destroyed

nearly all of the piled wood and all of the manufactured lumber, lumber in process of manufacture and cut logs within the burned area.

In October, 1923, appellants presented to the respondent insurance company their claims and proofs of loss under both of these policies. Under the first policy, appellants claimed that there had been burned and totally destroyed by the fire 452,248 feet of lumber and 13,063 feet of logs, the value of which was estimated at $18,442. Under the second policy, appellants claimed there had been burned and totally destroyed by fire cordwood which was estimated at $13,692.

The respondent strenuously contends that both policies are void for a number of reasons, among them being that appellants were guilty of misrepresentations, concealment and fraud, not only in the procurement of the policies, but in the proofs of loss thereunder, and that appellants were also guilty of false swearing in their claims, etc.

All of these contentions and separate defenses were elaborately set forth in respondent's answer.

Appellants contend that the evidence is insufficient to support the verdict of the jury.

■ When a verdict is attacked for insufficiency of the evidence our power begins and ends with the inquiry whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the jury. If, upon any material point, the testimony is in conflict, it must be assumed that the jury resolved the conflict in favor of the prevailing party. The authorities supporting this rule are legion, among them being *Gjurich* v. *Fieg,* 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464] , *Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25] , *Wilbur* v. *Wilbur,* 197 Cal. 1 [239 Pac. 332] , *Rocha* v. *Rocha,* 197 Cal. 396 [240 Pac. 1010] , *Union C. Co.* v. *Madera etc. Irr. Co.,* 179 Cal. 774 [178 Pac. 957], and *Steinberger* v. *Young,* 175 Cal. 81 [165 Pac. 432].

■ With this rule in mind, we have made a careful examination of the record, and we are fully convinced that there is abundant evidence to support the verdict of the jury. We see no reason, however, to go into a detailed analysis of the great volume of evidence embodied in the record which contains 953 typewritten pages.

The testimony shows that appellants lost by fire approximately 5,019 feet of lumber and in their proof of loss they claimed to have lost 452,248 feet; they lost between 18 and 25 cords of wood, and in their proof of loss they claimed to have lost 1,182 cords; that they actually lost 4,718 feet of logs and by their proof they claimed to have lost 13,063 feet. From the size and condition of the mill, the variety and character of the timber on the land, and other physical facts proved, it seems impossible for appellants to have had the amount of lumber and cordwood claimed by them. Furthermore, the jury made a personal inspection of the entire premises.

The appellants made a motion for a new trial upon the ground, among other things, that the evidence was insufficient to support the verdict, which motion was denied by the trial court.

It is also significant to note that in 1921 appellants had a fire on this same tract of land and collected $1,383 from an insurance company for 153 cords of wood claimed to have been cut from one acre of this 110-acre tract. Appellants also had a fire on this same tract of land in 1922, and collected from insurance companies $9,000 for 900 cords of wood claimed to have been cut from 5.79 acres of said tract.

We think that the jury and the trial judge must have been convinced, as we are, that appellants' claims in the case at bar were grossly exaggerated, if not entirely fabricated.

It is next contended by appellants that the court erred in its rulings during the course of the trial. The only rulings that are claimed to be erroneous are: (1) The qualifications of the witness Oest to testify as to the quantity of cordwood that could be cut from a given area; (2) The qualifications of the same witness to testify as to whether or not a forest fire could have burned out green pine stumps; (3) The qualifications of the witness Maretsas to testify as to the amount of cordwood which could have been cut from a given area; (4) The qualifications of the witness Skinner to testify to the amount of cordwood which could be cut from a given area, and (5) the qualifications of the witness Maas to testify to the amount of cordwood which could have been cut from a given area.

■ There is no merit in any of these contentions. The rule is well settled that the admission or rejection of evidence of this character lies so largely within the discretion of the trial court that its action thereon will not be reviewed on appeal in the absence of a clear showing of an abuse of that discretion. (*Maris* v. *H. Crummey, Inc.*, 55 Cal. App. 573 [204 Pac. 259]; *Vallejo & Northern Railroad Co.* v. *Reed Orchard Co.*, 169 Cal. 545 [147 Pac. 238]; *Kirstein* v. *Bekins Van & Storage Co.*, 27 Cal. App. 586 [150 Pac. 999]; *Hood* v. *Bekins Van & Storage Co.*, 178 Cal. 150 [172 Pac. 594].) There is no such showing here made. ■ It was for the trial court to determine whether the witnesses were qualified to testify as to the quantity of lumber and wood that could have been taken from the burned area and the value of the same, etc. The trial court permitted appellants' attorney to cross-examine all of the expert witnesses at length as to their qualifications before they were permitted to give their opinions, and the record shows that all of said witnesses were reasonably well qualified to testify concerning the matters about which they were interrogated. The objections made by appellants went to the weight rather than to the competency of the evidence. Moreover, the evidence given by these witnesses was largely cumulative; other expert witnesses were permitted to testify without objection to the amount of lumber and cordwood that could have been cut from the land in question.

■ Lastly, appellants contend that the court erred in giving an instruction relative to an appraisement, in the event the insurance company and the insured could not agree as to the amount of the loss. The portion of the instruction assailed is in the exact language of the policies and, under the evidence, the whole instruction was entirely proper.

A careful examination of all the instructions satisfies us that the jury was fully and correctly instructed as to all phases of the case.

■ If it be conceded, for the sake of argument, that it was error for the court to have given this instruction; still, it is not shown to be prejudicial. We cannot see that any different verdict could or would have been returned by the jury had this instruction not been given. There is no presumption that error is prejudicial or that injury is done

by merely showing error. (Sec. 475, Code Civ. Proc.; *Peavey* v. *Mutual Realty Corporation*, 82 Cal. App. 542 [255 Pac. 858]; *Giles* v. *Southern Pacific Co.*, 174 Cal. 84 [161 Pac. 1153].)

The judgment should be affirmed and it is so ordered.

Hart, Acting P. J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1928.

All the Justices present concurred.