[Civ. No. 6318. First Appellate District, Division Two.—July 17, 1928.]

OSCAR E. ANDREEN, Respondent, v. ESCONDIDO CITRUS UNION (a Corporation), Appellant.

L. N. Turrentine, Wright & McKee and C. M. Monroe for Appellant.

Luce & Swing and A. R. Honnold for Respondent.

PRESTON (H. L.), P. J., *pro tem.*—This is an appeal by defendant Escondido Citrus Union, a corporation, from a judgment entered against it upon a verdict of a jury in the sum of $2,250.

Plaintiff brought this action for damages, charging that his lemon orchard was damaged by being fumigated by the agents of defendant in a careless and negligent manner and under unfavorable climatic conditions.

The defendant and appellant is a California corporation. The stock of the corporation is held by respondent and various other owners of citrus orchards in the vicinity of Escondido, San Diego County. Stock of the corporation is sold to citrus growers upon the basis of one share of stock for every one hundred trees owned by them. The corporation operates a packing plant and markets the crops of its members, charging for such services only the necessary expenses of such operations. No dividends are paid; the corporation being operated for the benefit of its members. It maintains a "fumigation crew" and the necessary equipment and paraphernalia for fumigating orchards. The fumigation work is done only for the members of the corporation and at actual cost.

It is alleged in the complaint that plaintiff is the owner of nine acres of citrus trees, upon which there are 605 lemon trees and 31 orange trees, and that on September 24, 1924, the defendant, through its agents and employees, caused the plaintiff's orchard to be fumigated with hydrocyanic gas. The complaint further alleges that this fumigation was done without the consent and against the will of plaintiff and in a negligent manner; the particular negligence being that the fumigation was done at a time when climatic conditions were not favorable to fumigation, there being a fog at the time of such fumigation, and that the fumigation was negligently and improperly applied, in that the mixture was too strong and was applied in excessive

quantities and in an unskilful manner. It was further alleged on information and belief that the employees of defendant doing such work were boys and young men, unskilled in the work of fumigation, without supervision and paid for the work by defendant at a certain price per tree. The complaint further alleged that plaintiff had suffered by reason of loss of his crop and in the further respect that his trees had become permanently damaged and set back and, as a consequence, the market value of his orchard had been lessened.

A further claim was made for punitive damages, but this claim was abandoned and not submitted to the jury.

The answer of defendant denied specifically and in detail all of the material allegations of the complaint.

The jury returned a general verdict in favor of plaintiff and assessed the damage at $2,250. The defendant made a motion for a new trial upon a number of grounds, among them being, the insufficiency of the evidence to justify the verdict. This motion was denied by the trial court.

Many contentions are made for a reversal of the judgment.

Appellant contends that the evidence is insufficient to support the verdict of the jury, for the reason that it fails to furnish sufficient data from which damages could be calculated.

When a verdict is attacked for insufficiency of the evidence, our power begins and ends with the inquiry, whether there is substantial evidence, contradicted or uncontradicted, which in and of itself will support the conclusion reached by the jury. If upon any material point the testimony is in conflict, it must be assumed that the jury resolved the conflict in favor of the prevailing party. The authorities supporting this rule are legion, among them being: *Gjurich* v. *Fieg,* 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464], *Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25]; *Rocha* v. *Rocha,* 197 Cal. 396 [240 Pac. 1010], and *Union C. Co.* v. *Madera etc. Irr. Co.,* 179 Cal. 774 [178 Pac. 957].

With this rule in mind, we have made a careful examination of the entire record and we are fully convinced that there is abundant evidence to support the verdict of the jury in its entirety. We see no reason, however, to go into

a detailed analysis of the great volume of evidence em-, bodied in the record, which contains 1,006 typewritten pages.

The testimony shows that appellant insisted on fumigating the orchard of respondent over his protests and against his wishes; that notice was served on respondent to fumigate or spray his orchards by the horticultural commissioner within 15 days from the receipt of the notice, in order to eradicate black scale; that within eight days after the notice was received, and while respondent was trying to spray his orchard with an oil spray, appellant moved into the orchard during the temporary absence of respondent and began fumigating the trees with hydrocyanic acid gas. The fumigation was done negligently and unskilfully by appellant; appellant was particularly negligent in doing the work during a fog. A number of witnesses, including officers of the appellant corporation and county officers, who saw the orchard after it had been fumigated by appellant, testified that the orchard had been burned and damaged by the fumigation. All the witnesses for both the respondent and appellant stated that the fumigation was conducted during the fog, and all of the "fumigation crew" admitted that there was a fog and that it varied from light to heavy during the fumigation. Even the witnesses for appellant, who visited the orchard within six months after the fumigation, admitted that the orchard was damaged by the fumigation in a greater or less degree. There is evidence of loss of crop and evidence of damage to the trees amply sufficient to support the amount of damages awarded by the jury.

Appellant also contends that the court erred in admitting evidence that appellant and its employees had failed to procure a license as required by section 2322a of the Political Code. The complaint, as originally filed, contained the following allegation: "That the said defendant corporation and its employees doing said work of fumigation were engaged in doing the work of fumigation for hire and that said defendant corporation, the defendants herein and their said employees were not authorized and licensed to do such work of fumigation as is provided and required by section 2322a of the Political Code of the State of California as the same exists and is amended." Before the case was tried, the appellant made a motion to strike the paragraph just quoted from the complaint upon the ground that the same

was irrelevant and redundant. This motion was granted. The case came on for trial in another department of the superior court of San Diego County and before another judge who permitted respondent to prove that neither the appellant nor its employees had procured a license authorizing them to engage in the business of fumigating orchards, as required by section 2322a of the Political Code. The court also permitted the respondent to amend his complaint to set forth a general allegation of negligence to conform to the proof.

Appellant argues that the court, having previously stricken out all reference to the failure of appellant and its employees to procure a license, no evidence on the subject should have been admitted. We need not pause here to consider the correctness of the first order striking the above-quoted paragraph from the complaint, for we are now only concerned with two questions: First, was the testimony complained of relevant and material? We think it was. The cause of action here alleged was not a violation of the statute but *it was the negligence of appellant and its employees, and evidence that the statute had been violated was simply offered to show negligence.* (*Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 663 [16 Ann. Cas. 1061, 98 Pac. 1063].)

Second, did the court abuse its discretion in permitting the complaint to be amended? We think not. The court has a wide discretion in permitting pleadings to be amended to conform to the proof, and its discretion in that matter will not be disturbed unless there is some abuse of discretion such as has prevented defendant from fairly and fully presenting its case. (21 Cal Jur., p. 181, and cases there cited.)

Appellant further argues that there was no causal connection shown between failure of defendant or its employees to procure a license and the injury complained of. This was a question of fact for the jury. (19 Cal. Jur. 734; *Baillargeon* v. *Myers,* 180 Cal. 504, 507 [181 Pac. 37]; *Thomas* v. *German Gen. etc. Soc.,* 168 Cal. 183 [141 Pac. 1186].) The trial court realized this was the rule when it gave the jury the following instruction: ''It is a general rule of law that a violation of a statute is in itself negligence provided such violation contributed directly in causing the injury complained of. . . . Applying this rule to

the present case, if you find from the preponderance of the evidence that the defendant, without first having secured a certificate as above provided, was, at the time it fumigated plaintiff's orchard, engaged for hire in the business thus prohibited, and that this violation of the statute contributed directly in causing the injury complained of, if any injury there was, such violation in itself constitutes negligence."

We think, however, the facts in the instant case show a clear causal connection between the violation of the statute and the injury. The foreman in charge of the fumigation of respondent's orchard was not at all familiar with the "fumigation regulations" adopted by the horticultural commissioner of San Diego County; neither was he familiar with any of the documents or circulars on the subject issued by the department of agriculture of the United States, or those issued by the University of California. The evidence further shows that he did not follow any recognized practice of fumigation. Had he submitted himself to the examination provided by law, his lack of knowledge and skill would either have prevented him from procuring a license, or he would have been required to familiarize himself with the well-recognized methods of fumigation before he would have been licensed to do such work.

The facts bring this case within the rule laid down in *Cragg* v. *Los Angeles Trust Co., supra.* In that case, the defendant employed an elevator boy to operate the elevators in the building, who had not received a license as required by the ordinance of the city of Los Angeles, and the court held that the employment of this unlicensed operator by the defendant was negligence *per se* and that where an accident occurred through the carelessness of the operator, the defendant was liable, and that there was a causal connection between the violation of the statute requiring a license and the injury inflicted through the negligence of the unlicensed person.

Appellant further contends that it was not in the business of fumigating for hire, because it only fumigated orchards owned by its members, and, therefore, was not bound by the provisions of section 2322a of the Political Code, and also that this section is unconstitutional. We deem it wholly unnecessary to pass upon these questions in this case; for if it be conceded, for the sake of argument, that

all evidence relative to a violation of section 2322a of the Political Code was erroneously admitted, still, there would be left abundant evidence to support the verdict and judgment, and show that the fumigation was negligently and unskilfully done. ■ There is no presumption that error is prejudicial or that injury is done by merely showing error. (Sec. 475, Code Civ. Proc.; *Peavey* v. *Mutual Realty Corporation*, 82 Cal. App. 542 [255 Pac. 858]; *Gill* v. *Southern Pacific Co.*, 174 Cal. 84 [161 Pac. 1153].) Therefore, under no theory could appellant have been prejudiced by the admission of such evidence. The great preponderance of the evidence supports the verdict of the jury and the record, considering the size thereof, is exceptionally free from error.

The judgment should be affirmed, and it is so ordered.

Sturtevant, J., and Nourse, J., concurred.