[Civ. No. 214.   Fourth Appellate District.—May 28, 1930.]

FELIX KIENLEN et al., Respondents, v. J. P. HOLT, Appellant.

J. P. Holt, *in pro. per.*, Gray, Cary, Ames & Driscoll and Harden & Green for Appellant.

Sweet, Stearns & Forward and Elwin L. Eckert for Respondents.

MARKS, Acting P. J.—On the 30th of November, 1926, parties to this action were involved in an automobile collision in the intersection of El Cajon Avenue and Oregon Street in the city of San Diego, California. El Cajon Avenue is a public street of the city of San Diego of a width of 110 feet between curbings. There are two roadways for vehicular traffic, each 35 feet in width separated between intersecting streets by a parking 40 feet in width. Oregon Street is 52 feet in width between its curb lines. The park-

ings on El Cajon Avenue are set back from the curb lines of Oregon Street, produced so that there is a total width of 81 feet between the curbings of the parkings where Oregon Street and El Cajon Avenue intersect.

A little after four o'clock on the afternoon of November 30, 1926, the respondents, who are husband and wife, were traveling west along and upon the north driveway of El Cajon Avenue and approaching its intersection with Oregon Street. Felix Kienlen was driving the automobile and signaled a left-hand turn on to Oregon Street. At this time he saw the appellant approaching from the west on the south driveway of El Cajon Avenue at a point about 335 feet west from the west line of Oregon Street. There being no other traffic in sight, Felix Kienlen made his left turn and proceeded across El Cajon Avenue and southerly on the street intersection to a point about fifteen feet east and seven feet north of the southwest intersection of the curb lines on the two streets. At this point his car was struck on the right rear half by the right front spring and fender of appellant's automobile. Kienlen testified that he did not look for nor see appellant's automobile after his first view of it, until just before the impact when about six feet separated the two automobiles. He testified that all he could do to avoid a collision ''was to step on the gas'' and attempt to get out of the path of appellant's car. He further testified that after he first saw appellant's car, his own automobile traveled about 110 feet, while appellant's automobile traveled about 335 feet up to the point of impact. Mrs. Kienlen testified that when the car which her husband was driving had proceeded on its turn to the left, to a point approximate to the medial line of El Cajon Avenue, she was looking to the west and saw appellant approaching in his car on the south traffic lane of El Cajon Avenue about 165 feet west from the west line of Oregon Street, and that she did not call her husband's attention to the approach of his car, and did not again see it until about the time of the impact.

Appellant testified that he was driving his car easterly on the south traffic lane of El Cajon Avenue and did not see respondent's automobile until an instant before the impact. The intersection was unobstructed and there was nothing

to prevent the occupants of either car from seeing the other.

The court found in favor of the respondents and rendered judgment against appellant in the sum of $837.94. No serious question is raised as to the amount of the judgment.

Appellant relies upon three grounds for a reversal of the judgment, as follows: The first, involving a construction of the definition of an intersection under the terms of section 23 of the California Vehicle Act (Stats. 1923, p. 517). The second is based upon the language used in the findings of the court in which the court held that respondents were not guilty of contributory negligence. Under the third he asserts that respondents are guilty of contributory negligence as a matter of law.

Appellant argues that since there are two traffic lanes separated by a wide parking on El Cajon Avenue, there are two separate street intersections, the centers of which are fixed by the medial line of Oregon Street and the medial lines of the two traffic lanes of El Cajon Avenue. In support of this contention he relies on the case of *Bartlett* v. *Hammond*, 76 Colo. 171 [230 Pac. 109], in which the Supreme Court of Colorado held in accordance with the contention of appellant. This case, however, furnishes no authority for reaching a like conclusion under the laws of the state of California. Section 1958 of the Municipal Code of the city of Denver, of 1917, under the language of which the Colorado case was decided, provides as follows: "The term 'street' shall apply to that part of the public highway intended for vehicles. The term 'street intersection' shall apply to any street which joins another at an angle, whether it crosses the street or not."

Section 23 of the California Vehicle Act, in force at the time of the accident in question (Stats. 1923, p. 520), provided as follows: "Intersection of Public Highways. The area embraced within the prolongation of the boundary or property lines of two or more public highways which join one another at any angle, whether or not one such public highway crosses the other."

This definition of an intersection is plain, and free from any ambiguity. It must be held to mean just what it says; that at the intersection of El Cajon Avenue and Oregon

Street, in question here, there was but one intersection which was bounded by the prolongation of the property lines along the two streets.

The finding complained of by appellant is as follows: "That at and just prior to the time of said collision plaintiff, Felix Kienlen, was driving and operating his automobile in a careful, prudent and lawful manner and neither of plaintiffs were guilty of any negligence contributing proximately or at all to said accident or the injuries resulting therefrom."

In this finding the court followed the general allegations of the pleadings, and our courts have held such findings sufficient. In the case of *Talbot* v. *Ginocchio*, 18 Cal. App. 390 [123 Pac. 223], the court held as follows: "It is urged that the findings are insufficient to support the judgment in that, as it is claimed, the 'finding that' the servant and employee of defendant in charge of said horse and wagon was driving the same carelessly and negligently 'is a finding upon a mixed question of law and fact.' Appellant cites no authority in support of this assertion. In an action to recover damages resulting from the negligence of the defendant 'a general allegation of negligence upon the part of defendant is sufficient.' In such a case 'The negligence is the ultimate fact to be pleaded, and is not a legal conclusion.' (*House* v. *Meyer*, 100 Cal. 592 [35 Pac. 308].) The finding in question is of an ultimate fact, and is unobjectionable."

To the same effect is the case of *Frederick* v. *Terminal Railways*, 48 Cal. App. 336 [191 Pac. 1020, 1022], in which the following language was used: "Appellants' final point is that the findings do not cover the material issues, the two principal objections urged being that while the court negatives the specific acts of negligence charged in the complaint it fails to find the facts which would explain the real cause of the overturning of the car, and that the court fails to affirmatively find that respondent at the time of the accident was exercising the highest degree of care in the operation of the car. There is no merit in these objections. The court did find that respondent was free from all the acts of negligence charged against it in the complaint. The negligence pleaded in the complaint was the ultimate fact, and having negatived the acts of negligence pleaded the

court was compelled to go no further. (*Todd* v. *Orcutt,* 42 Cal. App. 687 [183 Pac. 963].)''

Under the language of these decisions we are of the opinion that the finding of the trial court which we have quoted was sufficient.

The last ground for reversal, relied upon by appellant, presents more difficulties. The trial court might have easily found that both parties were negligent in the operation of their automobiles. The intersection was clearly unobstructed. Neither car was traveling at an excessive rate of speed, and if it had been held that each driver was guilty of negligence in not looking and seeing the other, there would have been ample evidence to support such a finding and this court would certainly not have disturbed it. However, the trial court found that the respondents were free from any negligence, and that appellant was guilty of the negligent operation of his automobile and solely responsible for the accident and the ensuing damage. ▆ If there is any evidence in the record, or any reasonable inference to be drawn from such evidence, to sustain the findings of the trial court they cannot be disturbed here. (*Witherow* v. *United American Ins. Co.,* 101 Cal. App. 334 [281 Pac. 668].)

▆ We must here determine whether or not the evidence shows that the respondents, or either of them, were guilty of negligence as a matter of law under the evidence before us. In the case of *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086, 1090], it was held as follows:

'' 'Contributory negligence' is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, 240 [116 Pac. 513];

*Wing* v. *Western Pac. Co.*, 41 Cal. App. 251 [182 Pac. 969].) 'And the question of contributory negligence must be determined without regard to any negligence on the part of defendant. (*Hutson* v. *Southern Cal. Ry. Co.*, 150 Cal. 701, 703 [89 Pac. 1093].)' In *Mann* v. *Scott,* 180 Cal. 550 [182 Pac. 281, 282], where there was a city ordinance requiring automobiles to stop while a street car was receiving or discharging passengers, and where the plaintiff was injured while attempting to board a car, the court said: 'The question of negligence, under the usual rule of ordinary care that devolves upon foot travelers, must be examined in the light of all the attendant circumstances, one of which may be knowledge of the existence of a statute or an ordinance prescribing certain fixed regulations for observance by automobile drivers. And it may be that if the jurors in this case rejected, as improbable, respondent's testimony that she looked and saw no approaching automobile, they, nevertheless, concluded—as well they might— that if she did see the automobile before leaving the sidewalk, she reasoned that its driver would comply with the city ordinance, referred to in the court's instructions, requiring an automobile traveling behind a street car to stop ten feet in the rear of the car if it stops to let off or take on passengers, until the passengers have safely alighted from or boarded the car. Whether, if she saw the automobile, respondent would have been warranted in going toward the street car without further watching the automobile approach, relying upon a compliance by the appellants with the requirements of the ordinance, was a question upon which men's minds might well differ, and hence it was properly a case for the jury.' In *Carbaugh* v. *White Bus Line,* 51 Cal. App. 1 [195 Pac. 1066, 1067], the plaintiff at an intersection saw the defendant's stage approaching, but proceeded to cross into the intersection. In discussing the question of contributory negligence the court said: 'The first contention of appellant herein is that the plaintiff, D. C. Carbaugh, as the driver of said automobile, was guilty of contributory negligence as a matter of law in entering upon and attempting to cross said boulevard after observing the defendant's stage approaching its point of intersection with the Mission Drive. This contention is absolutely without merit. The plaintiff, D. C. Carbaugh,

as he approached the intersection of these two streets, was driving upon the right side of Mission Drive at a rate of speed permitted by law, and had, under the provisions of the Motor Vehicle Act, the right of way across Pomona boulevard in advance of defendant's stage approaching thereon. Whether or not after observing the approach of said stage and its position upon said boulevard, and the rate of speed at which it was traveling, the said plaintiff was justified in proceeding upon his rightful way across said boulevard in advance of said stage was clearly a question of fact for the jury. (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237 [116 Pac. 513]; *Scott* v. *San Bernardino Valley etc. Co.,* 152 Cal. 604 [93 Pac. 677]; *Commonwealth Bonding etc. Co.* v. *Pacific Electric Ry. Co.,* 42 Cal. App. 573 [184 Pac. 29]; *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203]; *Baker* v. *Western Auto Stage Co.,* 48 Cal. App. 283 [192 Pac. 73].)' The question as to whether a given state of facts constitutes contributory negligence, as a matter of law, or whether it is a matter that should go to the jury, as a question of fact, is often a close one. The solution depends entirely upon existing circumstances in each particular case. Unusual circumstances may determine in a given case whether or not reasonable minds might legitimately draw different conclusions on the question of negligence. There seems to be a general rule running through the cases where a pedestrian, or one standing on a highway, is injured by an automobile, which usually determines whether the question of contributory negligence is one of law, or of fact. Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.''

We are of the opinion that under these rules of law governing the question of contributory negligence as a matter of law, the contention of appellant cannot be sustained. Respondents looked and saw the automobile of appellant approaching. When Kienlen saw the automobile he

was just entering the intersection and had about 110 feet to travel to a point of safety, where appellant had about 335 feet to travel before reaching the point where a collision would be imminent. When Mrs. Kienlen looked and saw appellant's automobile, the car in which she was riding was about on the medial line of El Cajon Avenue and had approximately 55 feet to travel before passing out of the intersection, while appellant's car was then about 165 feet from the intersection. Under these circumstances it cannot be said that they failed to look and failed to take any precautions for their safety. ■ Respondents, being in the intersection first, while appellant was a considerable distance away, had the right to assume that appellant would yield the right of way to them, they also had the right to assume that appellant would operate his car "at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway," and that he would not drive his "vehicle upon a public highway at such speed as to endanger the life, limb or property of any person." (Sec. 113, California Vehicle Act.) ■ While the right to assume that appellant would exercise due care in the operation of his automobile would not excuse contributory negligence on the part of respondents, it furnishes a ground for a reasonable inference by the trial court, which supports the finding that neither of the respondents was guilty of any negligence which contributed to the accident in question, or to their injury. As was said in the case of *Robinson* v. *Clemons,* 46 Cal. App. 661 [190 Pac. 203, 204] : "Anyone, the most careful, about to cross a highway and observing another vehicle approaching at a distance of from 100 to 150 feet would not deem it necessary to stop or do any particular thing to avoid a collision. He would properly assume and have a right to assume that the other car was not violating all rules of prudence by excessive speed; that he had plenty of time to cross and act accordingly. This would be the attitude of any reasonable man under the circumstances, and, therefore, the plaintiff was not guilty of a want of ordinary care in pursuing his journey."

Under the evidence before us and the well-established rules of law which we have cited, we cannot disturb the

findings of the trial court, as there is a reasonable inference from all the evidence supporting these findings.

Judgment affirmed.

Barnard, J., and Ames, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1930.