[Civ. No. 4799.   Third Appellate District.—May 1, 1933.]

W. J. MOORE, Respondent, v. SAM RE et al., Appellants.

Edward Bickmore and John Outcalt for Appellants.

F. M. Ostrander for Respondent.

PULLEN, P. J.—As plaintiff was driving his automobile in an easterly direction on the Pacheco Pass highway he collided with a truck driven in a westerly direction by defendant Michael Balcovich, who was accompanied by his employer, Sam Re, also a defendant herein. The collision occurred near Los Banos at about 10 o'clock on a rainy evening in April, 1931.

Plaintiff testified that as he saw the truck of defendant approaching he reduced the speed of his car and extended his left arm outside of the car and gave a "slow signal". When the car of plaintiff had proceeded a little past the cab of the truck the two vehicles brushed together or "sideswiped" as the witnesses described it, crushing the arm of plaintiff so severely that it was later amputated, for which injuries a jury awarded to him damages.

Appellants appealed from the judgment and from an order denying a motion for a new trial.

The first point argued for reversal is that the act of plaintiff in extending his arm outside of the car making a ''slow signal'' was the proximate cause of the injury he sustained. In this appellant is in error. The proximate cause is, as so often defined, that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury, and without which the injury would not have occurred, and it is therefore apparent that the extending of the arm in giving the signal could not have been the proximate cause of the injury. Neither can we say that a driver of a car complying with the mandate of the law as set forth in section 130 of the California Vehicle Act, which provides for a signal upon slowing down or stopping by extending the hand or arm downward beyond the left side of the vehicle, is guilty of negligence. That the particular vehicle in question was the only one in the immediate vicinity is not material, for a driver is not required to first ascertain if some other car will be affected by it before making the signal required by law.

Another answer to the argument of counsel and sufficient for the purpose of review by this court is that the question of proximate cause is one of fact for the jury to determine, and having, under proper instruction, determined against the contentions of appellants, they, as well as this court, are bound thereby. (*Johnson* v. *Pickwick Stage System,* 108 Cal. App. 279 [291 Pac. 611]; *Smith* v. *Occidental & Oriental Steamship Co.,* 99 Cal. 462 [34 Pac. 84]; *Daugherty* v. *Ellingson,* 97 Cal. App. 87 [275 Pac. 456].)

So, too, in answer to the second point of appellant that the evidence of plaintiff shows he was guilty of contributory negligence as a matter of law, we are compelled to say that the evidence was clearly open to two deductions, and the jury having held against appellants, it is not for this court to review the evidence further than to determine that there was sufficient evidence to uphold the verdict.

Appellants also argue that the evidence is insufficient to sustain a verdict against them and addressed to this court an analysis of the evidence that they undoubtedly made to the jury. Apparently the jury, from the verdict,

believed that the appellants were driving on the left side of the highway or that the clearance lights upon the truck were not burning or were so placed as not to conform to the California Vehicle Act, or that all of them contributed to the collision.

We find evidence in the record sufficient to justify a verdict upon each of the points mentioned.

■ Appellants complain of a ruling by the court requiring them to deliver to respondent a written statement made by the witness upon the stand, and permitting respondent to read portions thereof to him as a part of his cross-examination, and refusing appellants' motion to admit the whole statement in evidence. While a certain witness was under cross-examination by respondent, he was asked if he had ever made a statement in regard to the facts in the action. Upon his affirmative answer a copy was produced by his counsel and the court directed that it be submitted to counsel for respondent. The witness was then interrogated as to one paragraph dealing with the speed of the approaching car and its position on the highway and the condition of the lights. Respondent did not offer the statement in evidence, but on redirect examination appellants offered the entire statement. To this an objection was sustained. This was proper, for only that portion dealing with the same subject matter touched upon in the examination may be inquired into upon redirect examination, and there was here no showing that the proffered portions of the statement referred to the same subject. In the case of *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513], a witness was interrogated as to the speed of a train and there was read to him his testimony upon that subject given at the coroner's inquest. On redirect examination defendant offered all of the testimony given by the witness at the inquest, which offer was refused. The Supreme Court upheld the rule that the limitation expressed in section 1854 of the Code of Civil Procedure is to testimony "on the same subject" which may be developed and put in evidence.

■ The court permitted respondent to show by the driver of the truck involved in the collision that he did not possess an operator's license as required by the California Vehicle Act. This evidence was not admitted as a

proximate cause of the injury, but was proper to be considered by the jury on the general question of negligence, and also as bearing on the ability and qualifications of the driver. When an operator's license was issued merely as a means of identification, its lack of possession would make but little difference, but the California Vehicle Act required at the time of the accident herein, and now requires, that the applicant must be subjected to an examination by the division of motor vehicles as to his qualifications for such a license, including a test of applicant's hearing and eyesight, and his ability to understand highway warning and direction signs, and he shall give an actual demonstration of his ability to exercise ordinary and reasonable control of a motor vehicle as well as other matters necessary to enable the division to pass upon the qualifications of the applicant. The situation is similar to that passed upon in *Andreen* v. *Escondido Citrus Union*, 93 Cal. App. 185 [269 Pac. 556], where it was held that defendant's failure to procure a license required by section 2322a of the Political Code, before attempting to spray trees, was relevant. To the same effect was the case of *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663 [98 Pac. 1063, 16 Ann. Cas. 1061], where defendant employed an elevator boy to operate the elevator in a building, who had not received a license as required by an ordinance of the city of Los Angeles, the court holding such employment to be negligence *per se*.

The same rule is stated by Schwartz in his work entitled ''Trial of Automobile Accident Cases'', on page 184, wherein he says:

''Statutes and ordinances require operators of automobiles to be licensed. Such licenses are usually issued only after appropriate examination of the applicant's competency. The holding of such a license for any length of time is, therefore, some evidence of competency. However the failure of the chauffeur to have a license or permit as required by law, is not ordinarily the proximate cause of a collision, and will not of itself preclude a recovery for such unlicensed driver's injuries. The fact that the automobilist was unlicensed may, of course, be considered by the jury on the question of negligence, and is some evidence of negligence but is not conclusive.''

Appellants also cite two instructions given by the court to which they objected not as abstract propositions of law, but taken in connection with the evidence of the lack of an operator's license on the part of the defendant's driver, they contend prejudicial to the right of the defendants, but as heretofore pointed out, the lack of an operator's license was not offered as a proximate cause of the injury and therefore the instructions could not be held to have been objectionable.

After a review of the entire evidence in the case, having in mind the arguments of appellants that the evidence did not support the verdict as well as the points noted above, we can find no error in the record and are satisfied that there was ample evidence in the case to support the finding of the jury and the amount rendered therein.

The judgment appealed from is affirmed.

Plummer, J., and Thompson, J., concurred.