[Civ. No. 1227.   Fourth Appellate District.—March 12, 1934.]

BETTIE B. STEPHENS, Respondent, v. BEN KAUF-MANN et al., Appellants.

Ray W. Hays for Appellants.

Harris & Hayhurst for Respondent.

MARKS, J.—This is an appeal from a judgment for one thousand dollars damages awarded plaintiff for injuries to her automobile and her person suffered in a collision at the intersection of Moroa and Floradora Avenues in the city of Fresno during the noon hour of January 6, 1931.

Defendants urge two grounds for a reversal of the judgment. (1) That the evidence fails to show any negligence on the part of E. A. Fries, the driver of the car owned by Ben Kaufmann, and (2) that it conclusively shows that Willie L. Smith, the driver of plaintiff's car, was guilty of contributory negligence as a matter of law.

Floradora Avenue runs in an easterly and westerly direction and is sixty feet in width with curb lines twelve feet from the property lines. Moroa Avenue runs in a northerly and southerly direction and is forty feet in width with curb lines eight feet from the property lines. Both streets are paved between the curbs.

Fries was in the employ of his co-defendant, Ben Kaufmann, and was on his employer's business and acting within the scope of his employment at the time of the accident. He was driving a 1929 model Ford roadster southerly on Moroa Avenue. Willie L. Smith was a chauffeur employed by plaintiff and was driving her westerly on Floradora Avenue at the time of the collision. The intersection was an obstructed one as defined in subdivision two of section 113 of the California Vehicle Act. Each driver testified he entered the intersection at a speed not exceeding fifteen miles an hour.

From a study of the record we find the following observation made in the case of *Kienlen* v. *Holt*, 106 Cal. App. 135 [288 Pac. 866], to be applicable here: "The trial court might easily have found that both parties were negligent in the operation of their automobiles. . . . If it had

been held that each driver was guilty of negligence in not looking and seeing the other, there would have been ample evidence to support such a finding and this court would certainly not have disturbed it. However, the trial court found that the respondents were free from any negligence, and that appellant was guilty of the negligent operation of his automobile and solely responsible for the accident and the ensuing damage. If there is any evidence in the record, or any reasonable inference to be drawn from such evidence, to sustain the findings of the trial court they cannot be disturbed here.'' We cannot reverse a judgment because of conflicts in the evidence nor because we might have rendered judgment in favor of the losing parties had we been sitting as trial judges.

The defendant Fries fixed the point of the impact as twenty-two feet southerly from the north property line of Floradora Avenue and twenty-six feet westerly from the east property line of Moroa Avenue. The evidence shows that the left wheel and bumper of his Ford struck plaintiff's car at about the center of its right-hand side, which was about eight feet from its front. Accordingly plaintiff's automobile traveled approximately thirty-four feet after crossing the east property line of Moroa Avenue and the automobile Fries was driving traveled twenty-two feet after crossing the north property line of Floradora Avenue. There is also evidence to the effect that the Ford approached and entered the intersection at a speed considerably in excess of fifteen miles per hour. While the testimony to which we refer is far from conclusive, it appears in the record, was accepted by the trial court as true, and is binding upon us. This evidence justified the conclusion by the trial court that the plaintiff's automobile entered the intersection first. Under such a circumstance the defendant Fries should have yielded the right of way to plaintiff's car. (Sec. 131, California Vehicle Act; Stats. 1929, p. 541.) His failure to do so was negligence on his part.

Defendants urge that Smith was guilty of contributory negligence. They assert he approached and entered the intersection without looking for vehicles approaching from his right. On cross-examination Smith testified as follows:

"Q. That is, when you were going west on Floradora you looked north and you could see 25 or 30 feet north on Moroa? (No answer.) Q. The reporter does not get your nod. I can, but the reporter doesn't. A. Yes. Q. Then you looked to the south to see if there was any traffic coming? A. I did. Q. You continued to look to the south until you got to the center of the intersection? A. About that point. Q. At the center of the intersection this car was on top of you? A. No, sir. Q. Where was it standing? A. When I looked back, it was like a flash. Q. Yes. A. Then it was on me. Q. That is the first time you ever saw him? A. Yes, sir."

In *Kienlen* v. *Holt, supra,* quoting from *White* v. *Davis,* 103 Cal. App. 531 [284 Pac. 1086], it is said: " 'The question as to whether a given state of facts constitutes contributory negligence, as a matter of law, or whether it is a matter that should go to the jury, as a question of fact, is often a close one. The solution depends entirely upon existing circumstances in each particular case. Unusual circumstances may determine in a given case whether or not reasonable minds might legitimately draw different conclusions on the question of negligence. . . . Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.' "

It appears from the testimony of Smith that he did look to his right when approaching the intersection and did not see the oncoming automobile driven by Fries. Therefore, having taken some precaution for his own safety and that of the plaintiff, the question of his contributory negligence was one of fact to be decided by the trial court, and that court having held that he took sufficient precautions for his own safety and that of his employer, we cannot disturb this conclusion on appeal.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.