[Civ. No. 8619. Second Appellate District, Division One.—May 27, 1935.]

PETER C. LOWENBRUCK, Respondent, v. MARIA STIGLMEIER, Appellant.

Frankley & Spray for Appellants.

Richard A. Dunnigan for Respondents.

EDMONDS, J., *pro tem.*—Plaintiff recovered judgment upon the verdict of a jury for personal injuries sustained in an automobile collision. The points presented on appeal concern only instructions given and refused.

The accident occurred in the intersection of 48th Street with Crenshaw Boulevard in the city of Los Angeles. Crenshaw Boulevard runs in a general northerly and southerly direction, having two roadways each approximately 59 feet in width. These roadways are each used for both north and south travel, and they are separated by a strip of land 33 feet in width on which street car tracks are laid. Each of the roadways is paved and has a curb on each side. At the time

of the accident there was an automatic traffic signal at the approximate position of each of the four corners formed by the intersection of the property lines of Crenshaw Boulevard and 48th Street.

The evidence shows without contradiction that plaintiff drove an automobile south on the westerly roadway of Crenshaw Boulevard, and entered 48th Street when the signal controlling traffic in the direction he was traveling showed green, allowing him to proceed. He passed into 48th street and made a left-hand turn to the east, proceeding across the street car tracks a short distance to a point where he collided with the automobile driven by the appellant Maria Stiglmeier, who was traveling south on the easterly roadway of Crenshaw Boulevard.

■ The jury was instructed that "Crenshaw boulevard is what might be termed a double street; that is, there is a private right of way for the street cars which occupies a strip of land in what might be characterized as the middle of the street. However, the evidence discloses that this strip of land occupied by the car tracks is buttressed on each side by a cement curb. Therefore, in law, there are really two streets which constitute Crenshaw boulevard. Under the evidence, without dispute it appears that the collision of the two cars here involved took place somewhere in the intersection of the easterly driveway known as Crenshaw boulevard and 48th street. Hence, for the purposes of this case, whenever the word 'intersection' is used, it means the space that would be included between that portion of the intersection which would be formed by extending the curb lines of the easterly driveway of Crenshaw boulevard in a northerly and southerly direction across 48th street. Where in these instructions, and particularly the provision of the Motor Vehicle Act which I have read to you, the term 'intersection' is used, it will mean the space I have just indicated and will not include that intersecting space which would be formed by the extension of the curb lines of the westerly driveway of Crenshaw boulevard with 48th street." This instruction was erroneous. Under the facts shown in evidence there was but one intersection, which was the area bounded by the prolongation of the curb lines along the two streets. (*Kienlen* v. *Holt,* 106 Cal. App. 135, 138 [288 Pac. 866].)

█ In conformity with the view of the trial court that there were two intersections, the jury was instructed that the rights of the plaintiff and defendant were to be determined with relation to the times each entered the area "which would be formed by extending the curb lines of the easterly driveway of Crenshaw boulevard in a northerly and southerly direction across 48th street". This was incorrect, as plaintiff was making a left-hand turn in an intersection which he entered when he crossed the northerly curb line of 48th Street prolonged across the westerly roadway of Crenshaw Boulevard. The amount of care required of one entering an intersection by authority of the traffic signals and proceeding across the intersection is quite different from that required of one who so enters and makes a left-hand turn. (*Donat* v. *Dillon*, 192 Cal. 426, 430 [221 Pac. 193].) █ The court therefore erroneously refused the defendants' requested instructions concerning the duty of one making a left-hand turn, and was also in error in instructing the jury that plaintiff's right to recover depended upon whether or not he entered the intersection "at such time the signal was on for traffic to proceed in an easterly direction". There is no evidence to show the signal displayed for easterly traffic at any particular time, and under the evidence it should not have been considered by the jury in determining plaintiff's rights.

█ Two other instructions given are conflicting and it is impossible to say which one the jury followed in reaching its verdict. It was for the jury to find from the facts which driver, if either, was negligent, and it could only perform this duty under instructions which correctly presented the law applicable to each of the parties at the time and place of the accident. Had the jury been instructed that there was only one intersection and that the care required of each driver was to be determined according to the rules of law fixing the rights and duties of those driving vehicles therein, a verdict in favor of the defendants would be supported by the evidence. Under such circumstances the action of the court in giving certain of the instructions and refusing others was prejudicial to the rights of the defendants.

The judgment is reversed.

Conrey, P. J., and Houser, J., concurred.