[Civ. No. 11182. Second Appellate District, Division One.—May 8, 1937.]

ALVA CRUZEN, Appellant, v. FRED WILCOX et al., Respondents.

E. T. Young for Appellant.

Parker & Stanbury and Vernon W. Hunt for Respondents.

BISHOP, J., *pro tem.*—This appeal was brought by the plaintiff following his unsuccessful appeal to the jury to award him a verdict for the damages he suffered as a result of a collision between his automobile and an automobile driven by one defendant and owned by the other. We find no reason to reverse the judgment.

Three grounds are presented by the plaintiff in support of his appeal. The first, as given in his statement of questions involved, is: "Misconduct of the court supported by undenied affidavits is assigned." As the only affidavits we have discovered are categorically and emphatically denied, there is no merit in plaintiff's first point.

One of the two "main errors" listed in plaintiff's statement of questions involved, is "the refusal of the court to receive evidence of the lack of an operator's license, as bearing on his negligence and lack of qualification as a

driver''. Again, the record does not support the premise of plaintiff's argument. The defendant driver testified that he had an operator's license. No ruling of the trial court appears which thwarted any effort of the plaintiff to prove that no operator's license had ever, in fact, been issued to the defendant driver or that the one issued had been, in fact, canceled or suspended. The witness answered ''No'' to plaintiff's question: ''You hadn't been examined as to your competency as a driver within the last five years before the accident, had you?'' There appears to be no refusal of the court to receive evidence on the subject of defendant's possession of a license.

The consideration we have given this, the first of plaintiff's ''main errors'', is not to be taken as indicating that we believe the presence or absence of a driver's license to be of any moment in the case, not even to the limited extent approved in *Moore* v. *Re*, (1933) 131 Cal. App. 557 [22 Pac. (2d) 45]. The record before us does not require an expression of our opinion on the matter.

The other of the two ''main errors'' is, first of all, an attack upon the conclusion reached in *Kienlen* v. *Holt*, (1930) 106 Cal. App. 135 [288 Pac. 866], *Lowenbruck* v. *Stiglmeier*, (1935) 7 Cal. App. (2d) 204 [46 Pac. (2d) 251], and *Driscoll* v. *Shipp*, (1936) 13 Cal. App. (2d) 591 [57 Pac. (2d) 177], that the intersection of a street with a double street, that is, one whose two traveled portions are separated by a private right of way, constituted but one intersection, within the meaning of section 23 of the California Vehicle Act (Stats. 1929, p. 510) in effect early in the year 1935. We see no reason to question the correctness of the conclusion already thrice pronounced.

Plaintiff would distinguish this case from those just cited on the ground that here the northerly portion of the double highway was in unincorporated territory, while the southerly roadway, lying on the opposite side of the railroad right of way, was in the city of Pasadena. We fail to find in this a distinction. Both portions were traveled highways, in use under conditions supporting an inference that they were public highways, and the fact that one public body governed one portion and another the other would not, perforce, make two intersections grow where, but for the presence of a political boundary line, there would be but one.

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

York, Acting P. J., and Doran, J., concurred.