[Civ. No. 20127. Second Dist., Div. One. Aug. 4, 1954.]

PRENTISS E. DAWSON et al., Respondents, v. BERNARD M. WILLIAMS et al., Defendants; ANTELL SMITH, Appellant.

David E. Hinckle for Appellant.

Earl C. Broady and Rufus W. Johnson for Respondents.

MOSK, J. pro tem.†—From a determination by the trial court, sitting without a jury, that plaintiffs were entitled to a judgment against both defendants on their negligence claim, the defendant Antell Smith alone appeals.

The accident out of which this controversy arose occurred on December 19, 1951, at the intersection of La Brea Avenue

†Assigned by Chairman of Judicial Council.

and Venice Boulevard in the city of Los Angeles. At this site, La Brea is a north-south thoroughfare crossing Venice, which runs east-west. Venice consists of two roadways divided by a railroad right-of-way. The northerly roadway is 33 feet wide, the railroad parkway is 72 feet wide, and the southerly roadway 90 feet wide. There were traffic signals at eight corners of this complicated intersection, although not all were visible to approaching traffic from all directions. At the time of this accident traffic was permitted to travel east and west on both the northerly and southerly Venice roadways.

Bernard Williams and two companions, all 18 years of age or under, were in an Austin automobile owned by appellant Antell Smith, the vehicle being operated by Williams with her consent. Williams approached the intersection from the west on the southerly Venice roadway and turned left into the westerly lane for northbound La Brea traffic. He crossed the center parkway. The evidence was conflicting as to whether he brought the vehicle to a stop at the southerly line of the northerly roadway, but whether he did or not, he continued across the northerly roadway.

Respondents Prentiss Dawson, driving, and his wife Elizabeth, were proceeding west on the northerly Venice roadway in their Chevrolet. Dawson saw the Austin for the first time when he was 15 feet east of the easterly curb line of La Brea and the Austin was a little over halfway across the parkway. The light signal was then green for east-west traffic, a circumstance which caused Dawson to assume the Austin would stop for the red light facing north-south traffic. It did not, however, and the Chevrolet struck the Austin about 27 feet west of the east curb line of La Brea and 10 feet south of the north curb line of Venice.

The trial court found Williams was negligent, proximately causing physical injuries to Mrs. Dawson in the compensable sum of $1,800, and damage to Dawson in the amount of $90 for medical bills and $316.25 for automobile repairs. This latter sum was subsequently changed by a nunc pro tunc order to $305.06.

Appellant contends on this appeal that the evidence indicates so clearly the respondent driver was contributorily negligent that we must reverse the judgment. No issue is raised on appeal concerning the finding of negligence.

The scene of the accident in and of itself presents a difficult problem. If the divided roadway, on both halves of which traffic flowed in both directions, constituted two dis-

tinct intersections where crossed by La Brea, then the Austin unquestionably should have respected the red light for north-south traffic on La Brea, and should have stopped until a green light permitted crossing the northerly parkway. On the other hand, if this was but one intersection, the Austin having started its left turn, had a right to complete the turn regardless of the condition of the lights, subject only to the general rules governing left turns at intersections. (Veh. Code § 551.)

Respondents could make out a persuasive argument that the scene involved herein consisted of two distinct intersections. If an intersection is "the area embraced within the prolongation of the lateral curb lines," as defined in Vehicle Code, section 86, then the 72-foot parkway with curbs creates two intersections, a result that appears desirable from traffic safety consideration in this day of extensive use of freeways, expressways, wide parkways and separated highways.

*Kienlen* v. *Holt*, 106 Cal.App. 135 [288 P. 866], *Lowenbruck* v. *Stiglmeier*, 7 Cal.App.2d 204 [46 P.2d 251], and *Cruzen* v. *Wilcox*, 20 Cal.App.2d 728 [67 P.2d 709], all hold, however, that under these circumstances there is but one intersection. In each of those three cases the decision was based on section 23 of the old California Vehicle Act (Stats. 1929, p. 510). The definition contained in that section was substantially changed when Vehicle Code, section 86, was enacted in 1935. Nevertheless the foregoing cases were cited as authority by the court in *Blanton* v. *Curry*, 20 Cal.2d 793 [129 P.2d 1], decided in 1942, and we are bound by the now accepted and controlling determination that there is but one intersection. Any change will have to come through legislative action.

However, the evidence amply supports the finding of the trial court that Williams was negligent. In fact, on this appeal appellant does not attempt to resist that finding; she devotes her brief to a discussion of the respondent driver's contributory negligence, the purported six acts of which we shall take up seriatim.

The law is clear that if there be evidence of facts supporting an inference favorable to the judgment, the reviewing court is without power to substitute its deductions for those of the trial court. If there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, appellate courts should resolve that doubt in favor of the findings. (*Peterson* v. *Ryan*, 108 Cal.App.2d 41, 43 [238 P.2d 117].)

First, it is contended that the respondent driver should have seen appellant's vehicle. The record reveals Dawson tes-

tified he did see the Austin as it crossed the railroad tracks. Whether he should have concentrated on that one object, or in the exercise of ordinary care was permitted to make other observations of the scene, are questions exclusively within the province of the trier of fact.

■ Second, it is argued that the respondent driver erroneously assumed Williams was required to stop at the red light, whereas under the law this was but one intersection and he had the right to continue his left turn to completion. Under the authorities previously mentioned, Williams apparently had a right to pass through the red light which was visible to him from the northeast corner of the northerly section of Venice. But that right was qualified by the provisions of Vehicle Code, section 551, subdivision (a), which required him to yield the right of way to any vehicle approaching from the opposite direction so close as to constitute an immediate hazard. As stated in *Washam* v. *Peerless Automatic Staple Mach. Co.*, 45 Cal.App.2d 174, at 177 [113 P.2d 724]: ''. . . if such other car is not within the intersections, the motorist must complete his left turn only after he has cautiously estimated that the vehicle approaching from the opposite direction is not 'so close to the intersection as to constitute an immediate hazard.' If he miscalculates and a collision occurs, upon a trial of the resulting controversy, it is a fact to be determined from the evidence whether a reasonably prudent person in making the same turn would, under such circumstances have reached the same conclusion.''

■ Third, appellant maintains Dawson estimated Williams' speed at 15 to 20 miles an hour, that at 20 the latter could lawfully operate his Austin vehicle with brakes capable of stopping within 37 feet (Veh. Code, § 670), that Dawson therefore had no right to assume the Austin could be stopped within the 8 to 14 feet distance at which the vehicle was observed before the impact. This resolves in her favor all conflicting testimony necessary to support appellant's argument. Instead of the 8 to 14 feet figure adopted in the foregoing, however, the trier of fact was justified in considering that Dawson testified when he was 15 feet east of La Brea he first saw the Austin which was then a little over halfway across the 72 foot parkway. Dawson was driving in the lane next to the north curb of the northern section of Venice, which is 30 to 33 feet wide. In that combined distance, at 20 miles per hour Williams would have had considerably more than 37 feet in which to stop.

The gist of the fourth point is that Dawson did not apply his brakes promptly because only 5 or 6 feet of skid marks were left on the pavement. However he testified he applied his brakes before entering the intersection. Whether that was soon enough to exculpate him from a charge of contributory negligence is solely within the province of the trier of fact. (*Sawyer* v. *Nelson*, 115 Cal.App. 490, 493 [1 P.2d 1068].)

Fifth, appellant offers the curious argument that Williams is presumed to have yielded to westbound traffic on the southerly roadway before starting his turn, and having done so, Dawson, also traveling west but on the northerly roadway, was duty bound under Vehicle Code, section 551, subdivision (b), to yield to him. There is nothing implicit in section 551 that grants immunity to a vehicle which yields to cars approaching on one-half of a cross-street. On the contrary, the obligation to yield extends for the benefit of "any vehicle approaching" close enough in either direction "to constitute an immediate hazard."

Sixth, it is contended that Dawson should have reasoned that Williams might be "cross traffic" clearing the intersection and as such the former would be obliged to yield the right of way. (*Freeman* v. *Churchill*, 30 Cal.2d 453, 459 [183 P.2d 4].) An argument of that character might be made to a jury as an aid in measuring reasonableness of conduct, but a supposition contrary to actuality is not a persuasive ground upon which to reverse the trial court.

From the foregoing it appears that there was no contributory negligence as a matter of law, and the implied finding of fact that there was no contributory negligence is supported by the evidence.

The basic difficulty with appellant's argument is that she would have this court reweigh the evidence and draw inferences contrary to those drawn by the trial court. Under firmly established principles we are not at liberty to do this. (*Harris* v. *Los Angeles Transit Lines*, 111 Cal.App.2d 593, 599 [245 P.2d 35].)

The judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.