[Civ. No. 557.   Third Appellate District.—February 10, 1900.]

## MARY F. GISH, Appellant, v. VIRGINIA FERREA and J. P. LEFEVRE, Respondents.

SPECIFIC PERFORMANCE OF CONTRACT OF SALE—CROSS-COMPLAINT TO
QUIET TITLE—NOTICE OF MOTION TO STRIKE OUT—REVIEW UPON AP-
PEAL FROM JUDGMENT-ROLL.—Upon an appeal taken upon the judg-
ment-roll alone from a judgment in favor of the owner and against
the plaintiffs in an action for specific performance of a contract
of sale of real estate, in which the owner took issue upon all the
allegations of the complaint, and sought by way of cross-complaint
to quiet title, a mere notice of motion appearing in the record to
strike the cross-complaint from the files, without any showing that
it was presented or acted upon, is no part of the judgment-roll, and
cannot be considered upon such appeal.

ID.—CONSISTENCY OF FINDINGS—ABSENCE OF CONTRACT OF SALE—ENTRY
OF PLAINTIFF AND IMPROVEMENTS—KNOWLEDGE OF OWNERS—EVI-
DENCE NOT SHOWN.—Findings in such action that no contract for the
purchase and sale of the land was entered into with plaintiff by
any owner of the land, but that plaintiff, without an agreement with
the then owner, entered upon the premises and made valuable im-
provements, the existence of which was known to the then owner,
who did not object under the belief that her agents had consented
thereto, and the admission of the pleadings that the present owner
knew of such entry and improvements, are not inconsistent, it being
possible that the entry and improvements may have been upon some
other understanding than a contract of sale, which may have been
disclosed by the evidence, which is not set forth in the record upon
appeal.

ID.—OMITTED FINDINGS IMMATERIAL.—It being found that the con-
tract sought to be specifically enforced never had an existence, the
failure to find whether the agents of the owner did in fact consent
to the entry and improvements  becomes immaterial; and it was not
necessary to find whether plaintiff was or was not entitled to specific
performance, after having found that there was no contract to per-
form.

ID.—KNOWLEDGE OF IMPROVEMENTS BY PLAINTIFF NOT KNOWLEDGE OF
PLAINTIFF'S CLAIM OF TITLE.—The knowledge by the present owner
of the improvements made upon the premises is not knowledge of
any claim of title by plaintiff.

ID.—ACTION FOR SPECIFIC PERFORMANCE—CROSS-COMPLAINT TO QUIET
TITLE.—In an action for the specific performance of a contract of
sale, the owner may appropriately file a cross-complaint to quiet his
title against plaintiff's claim.  Both are equitable actions relating
to the same subject matter.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Hugo D. Newhouse, for Appellant.

Berry & Brady, for Respondents.

CHIPMAN, P. J.—Action to enforce specific performance of an alleged agreement for the sale and purchase of certain real property situated in the city and county of San Francisco.

Defendants answered specifically denying the material allegations of the amended complaint and defendant Lefevre answered by cross-complaint alleging title to the said property and praying that the same be quieted against the claims of plaintiff. The court adjudged that defendant, Lefevre, is the owner of the property and plaintiff has no interest therein and gave judgment for defendants with costs.

There is in the record what purports to be a notice of motion to strike the cross-complaint from the files, on the ground that it "is immaterial, irrelevant and redundant." It does not appear that any motion was made pursuant to the notice or at all, and the notice fixes no time for the making of such motion. However, we may dismiss the point made that the record fails to show what action the court took on the motion, for the reason that it forms no part of the judgment-roll and the appeal here is from the judgment upon the judgment-roll alone.

It is alleged in the complaint that defendant Ferrea, being then the owner of the property in question, in September, 1905, agreed to sell to plaintiff and plaintiff agreed to purchase the same for the sum of $300; that immediately thereafter plaintiff entered into possession of the premises and made valuable improvements thereon with the knowledge and consent of defendant, Ferrea. The usual averments follow of tender of the purchase price, demand for deed and refusal of Ferrea to accept the tender or make the deed. It is then averred that on February 9, 1906, "by mesne conveyances the said property was sold to one J. P. Lefevre; that said Lefevre purchased said property with a full knowledge of the

fact of the possession of the plaintiff, and the erection of improvements'' thereon by plaintiff.   Tender to Lefevre is averred and refusal by him to execute a deed to plaintiff. It is also averred that in October, 1905, plaintiff entered into a contract with Thomas O'Donnell and wife to execute or cause to be executed a deed to them of the property and that they executed a mortgage to plaintiff on the said premises to secure the payment of a certain promissory note executed by them to plaintiff and that plaintiff is prevented from conveying the property to the O'Donnells because of her inability to obtain a deed from Ferrea or Lefevre.

The court found that in September, 1905, Ferrea was the owner of the premises, but it is found that Ferrea and plaintiff never at any time entered into any agreement for the sale and purchase of said premises for the sum of $300 or any other sum or at all; that without any agreement and about September, 1905, plaintiff entered upon the premises ''and erected valuable improvements thereon, and thereafter one Thomas O'Donnell and his wife (who are made defendants but do not answer and do not appeal and seem to have dropped out of the case), entered into possession of said property and have been in possession ever since the 13th day of April, 1906, under an agreement to purchase the same from plaintiff''; ''that Ferrea had notice of the entry of plaintiff and the erection of said improvements, but that said Virginia Ferrea believed that her agents, who were employed by her to sell and manage said property, had given their consent to said entry and erection of improvements''; that defendant, Lefevre, on February 9, 1906, succeeded to the title of Ferrea and ever since has been and now is the owner of the property in fee simple, but the court does not find upon the allegation of plaintiff that Lefevre purchased with knowledge of plain- tiff's possession and the erection of said improvements, which not being denied is deemed admitted.

It is claimed that the judgment is not supported by the findings because while it is found that there was no agreement to sell, yet the court finds that plaintiff entered into possession of the property and made valuable improvements thereon.   There is no necessary inconsistency here, for, as there was no contract to sell, the entry and improvements may have come about through some other agreement disclosed by the evidence which is not now here.

It is next contended that the court, while finding that Ferrea believed that her agents had given their consent to the entry and improvements, the court did not "find whether or not such or any consent was in fact given." Inasmuch as this is an action to specifically enforce a contract which the court found never had any existence, the finding of the omitted fact becomes immaterial.

It is next urged as ground for reversal that the court failed to find upon the allegation that defendant Lefevre had knowledge of the entry and improvements by plaintiff and also failed to find whether or not plaintiff was entitled to specific performance and only finds that she "had no estate, right, title or interest in the land." It is not alleged that Lefevre had any knowledge of any contract of sale between plaintiff and Ferrea. His knowledge of the possession of plaintiff and the improvements made by her is not knowledge of any claim of title by plaintiff. It was not necessary for the court to find that plaintiff was or was not entitled to specific performance after having found that there was no contract to perform.

Finally it is objected that Lefevre by his cross-complaint "changed the status of the case from an action for specific performance to a suit to quiet title," which, it is claimed, "obviously cannot be maintained." We are unable to see why not. Both are equitable actions relating to the same subject matter. Plaintiff is seeking to compel Lefevre to convey his title to plaintiff by asking the court to enforce a contract affecting the title to the property by which, in some way, Lefevre is sought to be bound. He sets up his title and to end the litigation and terminate plaintiff's claims. he asks to have his title quieted against them. It would be difficult to perceive a more natural and appropriate proceeding.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.