[Civ. No. 10789. Second Appellate District, Division Two.—April 30, 1936.]

DAVID A. DRISCOLL, a Minor, etc., Appellant, v. EVERETT S. SHIPP, Respondent.

[Civ. No. 10798.]

JOHN J. DRISCOLL et al., Appellants, v. EVERETT S. SHIPP, Respondent.

John J. Driscoll, *in pro. per.*, and Morfoot & Sutton, Harry A. Sutton, A. Edward Nichols and Mervyn A. Aggeler for Appellants.

W. I. Gilbert for Respondent.

McCOMB, J., *pro tem.*—These are appeals consolidated by consent of all parties from judgments for the defendant after trial by a jury in actions to recover damages for the wrong-

ful death of plaintiff's son, John J. Driscoll, Jr., and for personal injuries to plaintiff's son, David A. Driscoll.

Viewing the evidence most favorable to the defendant (*Ah Gett* v. *Carr*, 3 Cal. App. 47, 48 [84 Pac. 458]), the facts in the instant cases are:

Where San Vicente Boulevard and Cochran Avenue cross in the city of Los Angeles the intersection consists of two roadways along San Vicente Boulevard, each roadway being approximately 40 feet wide and being separated by the right of way of the Pacific Electric Railway, which is approximately 50 feet in width. At this point San Vicente Boulevard is intersected by Cochran Avenue at almost right angles, Cochran Avenue running northerly and southerly and being about 40 feet wide. The south roadway of San Vicente Boulevard extends through and across Cochran Avenue, continuing westerly. The north roadway of San Vicente Boulevard does not extend beyond Cochran Avenue but stops at the westerly side of the avenue.

December 10, 1933, defendant drove his automobile in a southerly direction on Cochran Avenue where it intersects with San Vicente Boulevard at a speed of approximately 15 miles per hour. After defendant entered the intersection an automobile operated by John J. Driscoll, Jr., traveling on the south roadway of San Vicente, entered the crossing at a speed of approximately 45 miles per hour. A collision ensued, resulting in the death of John J. Driscoll, Jr., and injuries to David A. Driscoll, who was riding in the same car with his brother, the deceased.

Plaintiffs rely for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to support the findings of fact upon which the verdicts were necessarily predicated.*

*Second: The trial court committed prejudicial error in instructing the jury as follows:*

*(a) "You are instructed that the intersection of public highways is defined by the California Vehicle Act in force at the time and place of this accident, as follows:*

*" 'The area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the traversable roadways of two or more public streets or highways which join one another at an angle whether or not one such street or highway crosses the other.'*

"Therefore, I instruct you, as a matter of law, that from the northerly side of San Vicente Boulevard to the southerly side of said San Vicente Boulevard, and between the easterly and westerly extensions of Cochran Avenue to the Pacific Electric Company right of way, and all of the territory within said intersection north and south of the Pacific Electric right of way, was one intersection, within the meaning of the California Vehicle Act. That is to say: You have had described to you by the uncontradicted testimony the territory as shown on the northerly side of the Pacific Electric right of way, including San Vicente Boulevard and Cochran Avenue to the easterly side of said Cochran Avenue, and the territory on the southerly side of the Pacific Electric right of way, and this territory, I instruct you as a matter of law, constituted one intersection within the meaning of the California Vehicle Act."

(b) "In order that there be no misunderstanding of the force and effect of that instruction, I am instructing you, for clarity only and not for emphasis upon it, repeat that as a matter of law the intersection at this point consists of all the territory bounded by and within—rather, bounded on the north by the northerly curb line of San Vicente Boulevard prolonged across Cochran Avenue, thence southerly along the westerly side of Cochran Avenue to the southwest corner of San Vicente Boulevard and Cochran Avenue, thence following along the southerly boundary line of San Vicente Boulevard prolonged across Cochran Avenue to the southeast corner of the intersection of San Vicente Boulevard and Cochran Avenue, thence northerly along the easterly boundary of Cochran Avenue, either as it exists or prolonged across the street portion of San Vicente Boulevard, to the point of beginning, constitutes one intersection—with one possible correction of that.—There was some reference to curbs at certain places. You are again reminded that the intersection is the area embraced within the prolongation of the lateral curb lines, or if none, then the lateral boundary lines which join one another at an angle, whether or not one such street or highway crosses the other. So that—'lateral boundary' I think I used in speaking in the latter portion, but curb lines control where there are curb lines, which particular phase of the matter is left to you as a question of fact.

*(c)* *"You are instructed that if the defendant Shipp had entered the intersection, as said intersection is defined in these instructions, before John J. Driscoll, Jr., entered said intersection, then said defendant Shipp, if obeying the law at the time, had the right to assume, unless he had knowledge to the contrary, that the deceased, John J. Driscoll, Jr., would yield him the right of way, and would not attempt to cross said intersection in front of him, and said defendant was not guilty of negligence, if he was otherwise in the exercise of ordinary care, in thus assuming, and in continuing to move his automobile forward in said intersection."*

As to plaintiffs' first proposition, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgments in favor of defendant were necessarily predicated. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt*, 164 Cal. 242, 245 [128 Pac. 399]; *Thatch* v. *Livingston, ante,* p. 202 [56 Pac. (2d) 549].)

The instructions set forth in paragraphs (a) and (b) of plaintiffs' second proposition are accurate statements of the law. (*Kienlen* v. *Holt,* 106 Cal. App. 135 [288 Pac. 866]; *Lowenbruck* v. *Stiglmeir,* 7 Cal. App. (2d) 204, 206 [46 Pac. (2d) 251].) Likewise the instruction included in paragraph (c) of plaintiffs' second proposition is a correct statement of the principle of law embodied therein. (*Page* v. *Mazzei,* 213 Cal. 644, 645 [34 Pac. (2d) 11]; *Keyes* v. *Hawley,* 10 Cal. App. 53, 59 [279 Pac. 674].)

The judgments are affirmed.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 22, 1936, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 29, 1936.