[Civ. No. 11445. Second Appellate District, Division Two.—June 14, 1937.]

DAVID A. DRISCOLL, a Minor, etc., Appellant, v. EVERETT S. SHIPP et al., Respondents.

[Civ. No. 11446. Second Appellate District, Division Two.—June 14, 1937.]

JOHN S. DRISCOLL et al., Appellants, v. EVERETT S. SHIPP et al., Respondents.

Calvin S. Mauk for Appellants.

W. I. Gilbert for Respondents.

CRAIL, P. J.—These are companion cases. They come before the court at this time on the motions of the defendants

to dismiss the appeals for failure of plaintiffs (appellants) to comply with rule VIII of Rules for the Supreme Court and District Court of Appeal and other grounds.

In the trial court judgment was entered in both cases in favor of the defendants upon verdict of a jury. Motions for new trials were denied. Thereafter plaintiffs appealed from these judgments. The appeals were heard on the merits and the contentions of the plaintiffs were resolved against them. (*Driscoll* v. *Shipp*, 13 Cal. App. (2d) 591 [57 Pac. (2d) 177].) Eighteen months after the entry of the judgments the plaintiffs moved in the trial court to vacate and set aside the verdicts of the jury and to grant judgments for the plaintiffs. The appeal in each case is from the order of the court "refusing to vacate and set aside the verdict of the jury herein and to grant judgment for the plaintiff".

█ The appeals are founded upon the mistaken belief that (using the language of the plaintiffs) "no judgment of the court was entered on the verdict of the jury". But a judgment of the court *was* entered on the verdict of the jury on the same day the verdicts were returned. (*Driscoll* v. *Shipp, supra.*) When trial by jury has been had, the judgment of the court is ordinarily entered by the clerk in conformity with the verdict within twenty-four hours after the rendition of the verdict. (Code Civ. Proc., sec. 664.) Judgments were so entered herein. With judgments duly and regularly entered against the plaintiffs, their motions merely to vacate and set aside the verdict and to grant judgment for the plaintiff under such circumstances that the motions merely called upon the court to overrule its former rulings on the same facts were futile. The denial of the plaintiffs' motions was mere negative action of the court declining to disturb its first decision and the orders are not appealable ones. (2 Cal. Jur. 164.) To hold otherwise would have the effect of extending the time for appeal, contrary to the intent of the statute, and would virtually allow two appeals from the same ruling. (See cases collected in 1 Cal. Jur. Ten-year Supp, 294, note 1.) Indeed, in these appeals the same questions are raised as were raised in the prior appeals. They have been decided against the plaintiffs.

█ The plaintiffs have failed to comply with said rule VIII in that points presented have not been under appropriate headings showing the nature of the questions to be

presented or the points to be made, and where the parts of the typewritten record relied upon on appeal are required to be printed in the briefs (Code Civ. Proc., sec. 953 et seq.), they have not so done, nor have they stated therein the substance of such record. This court is enforcing the rule. (*People* v. *Rosen,* 20 Cal. App. (2d) 445 [68 Pac. (2d) 382]; *Graybeal* v. *Press-Telegram Pub. Co.,* 14 Cal. App. (2d) 252 [57 Pac. (2d) 1343]; *Battson* v. *Kirkpatrick,* 11 Cal. App. (2d) 283 [53 Pac. (2d) 762]; *Bernstein* v. *Congregational Anshi Sfart,* 14 Cal. App. (2d) 96 [57 Pac. (2d) 954]; *People* v. *Knight,* 63 Cal. App. 63 [218 Pac. 79].)

For the reasons stated the appeals are dismissed.

McComb, J., concurred.